UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF THE CELLULAR TELEPHONE ASSIGNED CALL NUMBER (614) 816-8746 | Case No. 2:24-mj-60 <br><br> **Filed Under Seal** |

**AFFIDAVIT IN SUPPORT OF**
**AN APPLICATION FOR A SEARCH WARRANT**

I, Matthew J. Voytek, IV, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c)(1)(A) for information about the location of the cellular telephone assigned call number (614) 816-8746 (the "TARGET CELL PHONE"), whose service provider is T-Mobile, a wireless telephone service provider headquartered in Overland Park, Kansas. The Target Cell Phone is described herein and in Attachment A, and the location information to be seized is described herein and in Attachment B.

2. Because this warrant seeks the prospective collection of information, including cell-site location information, that may fall within the statutory definitions of information collected by a "pen register" and/or "trap and trace device," *see* 18 U.S.C. § 3127(3) & (4), the requested warrant is designed to also comply with the Pen Register Act. *See* 18 U.S.C. §§ 3121-3127. The requested warrant therefore includes all the information required to be included in an order pursuant to that statute. *See* 18 U.S.C. § 3123(b)(1).

3. I am a Special Agent with the ATF and have been so employed since June 2021. I have attended formal training at the Federal Law Enforcement Training Center in Glynco, Georgia, where I completed the Criminal Investigator Training Program. I also attended the ATF

National Academy in Glynco, Georgia, where I completed Special Agent Basic Training. I have received training in the enforcement of various criminal statutes enacted in the Gun Control Act of 1968 and the National Firearms Act of 1932. I am presently assigned as a Special Agent for the ATF Columbus Field Division, Columbus Group I Field Office. Under 18 U.S.C. § 3051, I am empowered to enforce the criminal laws of the United States.

4. As a Special Agent, I have participated in many investigations involving federal firearms violations. Through these investigations, I have employed various investigative techniques, including conducting electronic surveillance, using confidential informants, and making controlled purchases of firearms. I have also participated in conducting physical surveillance and have executed multiple federal arrest warrants. I also know how to analyze information resulting from traditional record searches and reviewing case files. As a result of my training and experience, I am familiar with federal laws pertaining firearms trafficking.

5. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

6. Based on the facts set forth in this affidavit, there is probable cause to believe that BUFORD D. LOWRY has violated 21 U.S.C. § 841(a)(7) & 843(d)(1) [distribution of a tableting machine]; 18 U.S.C. § 933(a)(1), (a)(3), & (b) [conspiracy to traffic and trafficking in firearms]; and 18 U.S.C. §§ 922(g)(1) and 924(a)(8) [felon in possession of a firearm]. LOWRY was charged with these offenses by way of a criminal indictment in the Southern District of Ohio on January 9, 2024 (Case No. 2:24-cr-004-EAS) and is the subject of an arrest warrant issued on the same date. There is also probable cause to believe that the location information described in

Attachment B will assist law enforcement in arresting LOWRY, who is a "person to be arrested" within the meaning of Federal Rule of Criminal Procedure 41(c)(4).

7. The court has jurisdiction to issue the proposed warrant because it is a "court of competent jurisdiction" as defined in 18 U.S.C. § 2711. Specifically, the court is a district court that has jurisdiction over the offenses being investigated. *See* 18 U.S.C. § 2711(3)(A)(i).

## PROBABLE CAUSE

8. On January 9, 2024, the Grand Jury for the Southern District of Ohio, Eastern Division, returned a nine-count indictment against BUFORD D. LOWRY and two other individuals for a variety of drug-trafficking and firearm offenses. As relevant here, LOWRY was charged with distributing a tableting machine, or "pill press" (Count 1); conspiracy to traffic in firearms (Count 2); being a felon in possession of a firearm (Count 4); and trafficking in firearms (Count 5). The indictment alleges that these offenses occurred between on or about March 8, 2023 (Count 1) until approximately September 6, 2023, at the rough conclusion of the conspiracy charged in Count 2.

9. A federal arrest warrant for LOWRY was also issued on January 9, 2024. Despite law-enforcement efforts to locate him, LOWRY remains a fugitive currently.

10. Between March 8, and September 6, 2023, LOWRY used the TARGET PHONE to discuss, arrange, and consummate the sale of a tableting machine and multiple firearms to an ATF Special Agent working in an undercover capacity through six separate deals, all of which were recorded by audio and video.

11. ATF Investigators interviewed Buford Lowry's wife, Jamie Lowry (DOB: XX/XX/1976) on January 30, 2024, while attempting to execute a federal arrest warrant for BUFORD LOWRY at his residence of 968 Clarendon Ave, Columbus, Ohio.

12. Mrs. Lowry confirmed that BUFORD LOWRY's primary cellphone number is (614) 816-8746. Mrs. Lowry then called that number in front of ATF investigators and BUFORD LOWRY answered the phone. ATF investigators had a discussion with LOWRY explaining to him that he had a federal arrest warrant and that he needed to turn himself in, immediately. LOWRY acknowledged the arrest warrant and then proceeded to tell investigators that he was not going to turn himself in until he could do so with his attorney present. Investigators have learned that LOWRY's attorney, Gregg Slemmer, is currently vacationing in the Turks and Caicos, and it is unknown when he will return to the United States.

13. Based on these facts, I believe that LOWRY is the primary user of the TARGET CELL PHONE. I also believe that, given the pending warrant for his arrest, there is probable cause to collect location information for the next 30 days regarding the TARGET CELL PHONE's whereabouts to effect LOWRY's arrest.

14. In my training and experience, I have learned that T-Mobile is a company that provides cellular communications service to the general public. I also know that providers of cellular telephone service have technical capabilities that allow them to collect and generate information about the locations of the cellular telephones to which they provide service, including E-911 Phase II data, also known as GPS data or latitude-longitude data and cell-site data, also known as "tower/face information" or "cell tower/sector records." E-911 Phase II data provides relatively precise location information about the cellular telephone itself, either via GPS tracking technology built into the phone or by triangulating on the device's signal using data from the server of the provider's cell towers. Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular telephone and, in some cases, the "sector" (i.e., faces of the towers) to which the telephone connected. These towers

are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas.  Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device.  Accordingly, cell-site data provides an approximate location of the cellular telephone but is typically less precise than other types of location information, such as E-911 Phase II data or Global Positioning Device ("GPS") data.

15.	Based on my training and experience, I also know that T-Mobile can collect E-911 Phase II data about the location of the TARGET CELL PHONE, including by initiating a signal to determine the location of the TARGET CELL PHONE on T-Mobile's network or with such other reference points as may be reasonably available.

16.	Based on my training and experience, I know that T-Mobile can collect cell-site data about the TARGET CELL PHONE.  Based on my training and experience, I know that for each communication a cellular device makes, its wireless service provider can typically determine: (1) the date and time of the communication; (2) the telephone numbers involved, if any; (3) the cell tower to which the customer connected at the beginning of the communication; (4) the cell tower to which the customer connected at the end of the communication; and (5) the duration of the communication. I also know that wireless providers such as T-Mobile typically collect and retain cell-site data pertaining to cellular devices to which they provide service in their normal course of business in order to use this information for various business-related purposes.

**AUTHORIZATION REQUEST**

17.	Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c).

18.	I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until

30 days after the collection authorized by the warrant has been completed. There is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice to the subscriber or user of the TARGET CELL PHONE would seriously jeopardize the ongoing investigation, as such a disclosure would give that person an opportunity to destroy evidence, change patterns of behavior, notify confederates, and flee from prosecution. *See* 18 U.S.C. § 3103a(b)(1). As further specified in Attachment B, which is incorporated into the warrant, the proposed search warrant does not authorize the seizure of any tangible property. *See* 18 U.S.C. § 3103a(b)(2). Moreover, to the extent that the warrant authorizes the seizure of any wire or electronic communication (as defined in 18 U.S.C. § 2510) or any stored wire or electronic information, there is reasonable necessity for the seizure for the reasons set forth above. *See* 18 U.S.C. § 3103a(b)(2).

19. I further request that the Court direct T-Mobile to disclose to the government any information described in Attachment B that is within the possession, custody, or control of T-Mobile. I also request that the Court direct T-Mobile to furnish to the government all information, facilities, and technical assistance necessary to accomplish the collection of the information described in Attachment B unobtrusively and with a minimum of interference with T-Mobile's services, including by initiating a signal to determine the location of the TARGET CELL PHONE on T-Mobile's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall reasonably compensate T-Mobile for reasonable expenses incurred in furnishing such facilities or assistance.

20. I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the TARGET CELL PHONE outside of daytime hours.

21. I further request that the Court order that all papers in support of this application, including the affidavit and search warrant, be sealed until further order of the Court.  These documents discuss an ongoing criminal investigation that is neither public nor known to all the targets of the investigation.  Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation, including by giving targets an opportunity to destroy or tamper with evidence, change patterns of behavior, notify confederates, and flee from prosecution.

Respectfully submitted,

Matthew J. Voytek, IV
Special Agent
ATF

Subscribed and sworn to before me on _____February 2_____, 2024



Elizabeth A. Preston Deavers
United States Magistrate Judge

7

**ATTACHMENT A**

**Property to Be Searched**

1. The cellular telephone assigned call number (614) 816-8746 ["TARGET CELL PHONE"], whose wireless service provider is T-Mobile, a company headquartered in Overland Park, Kansas.

2. Records and information associated with the TARGET CELL PHONE that is within the possession, custody, or control of T-Mobile, including information about the location of the cellular telephone if it is subsequently assigned a different call number.

**ATTACHMENT B**

**Particular Things to be Seized**

**I. Information to be Disclosed by the Provider**

All information about the location of the TARGET CELL PHONE described in Attachment A for a period of thirty days, including all times of day and night. "Information about the location of the TARGET CELL PHONE" includes all available E-911 Phase II data, GPS data, latitude-longitude data, and other precise location information, as well as all data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e., faces of the towers) received a radio signal from the cellular telephone described in Attachment A.

To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within the possession, custody, or control of T-Mobile, T-Mobile is required to disclose the Location Information to the government. In addition, T-Mobile must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with T-Mobile's services, including by initiating a signal to determine the location of the TARGET CELL PHONE on T-Mobile's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall compensate T-Mobile for reasonable expenses incurred in furnishing such facilities or assistance.

This warrant does not authorize the seizure of any tangible property. In approving this warrant, the Court finds reasonable necessity for the seizure of the Location Information. *See* 18 U.S.C. § 3103a(b)(2).

**II. Information to be Seized by the Government**

All information described above in Section I that will assist in arresting Defendant BUFORD D. LOWRY, who was charged with violating 21 U.S.C. § 841(a)(7) & 843(d)(1); 18 U.S.C. § 933(a)(1), (a)(3), & (b); and 18 U.S.C. §§ 922(g)(1) and 924(a)(8) on January 9, 2024, is the subject of an arrest warrant issued on January 9, 2024, and is a "person to be arrested" within the meaning of Federal Rule of Criminal Procedure 41(c)(4).

Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the records produced by T-Mobile in order to locate the things particularly described in this Warrant.